IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WILLIAM PAUL BURCH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00523-P-BP** |
| | § | |
| **CHASE BANK OF TEXAS, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Original Quiet Title Petition (ECF No. 1-2 at 6) filed by Plaintiff William Paul Burch ("Burch") on May 31, 2019 in the 48th Judicial District Court of Tarrant County, Texas. Defendant JPMorgan Chase Bank, N.A., formerly known as JPMorgan Chase Bank, formerly known as The Chase Manhattan Bank, successor by merger to Chase Bank of Texas, N.A., incorrectly sued as Chase Bank of Texas, N.A. ("JPM") removed the case to this Court on July 2, 2019 (ECF No. 1). On that same day, the case was automatically referred to the undersigned for pretrial management pursuant to Special Order 3. (ECF No. 3).

The Court is aware that Burch has previously filed for bankruptcy protection. On July 2, 2019, the undersigned entered Findings, Conclusions, and Recommendation in another foreclosure-related case, *Burch v. Freedom Mortgage Corp.*, No. 4:18-cv-01015-O-BP, recommending that United States District Judge Reed O'Connor withdraw the case from the undersigned and refer it to United States Bankruptcy Judge Mark X. Mullin, the presiding judge in Burch's bankruptcy case. By Order dated July 10, 2019, Judge O'Connor accepted the Findings, Conclusions, and Recommendation, withdrew the *Freedom Mortgage* case from the undersigned, and referred it to Judge Mullin.

By Order dated July 25, 2019 (ECF No. 10), the undersigned ordered the parties in this case to show cause why the district judge should not similarly withdraw the reference here and

refer the case to Judge Mullin. JPM filed its response (ECF No. 18) on August 8, 2019, arguing that the district judge should withdraw the reference of the case to the undersigned and refer it to Judge Mullin. Burch responded in opposition on August 11 and 16, 2019. (ECF Nos. 19 and 21).

Because this case constitutes a core proceeding arising under title 11 or arising in a case under title 11, it should be referred to the bankruptcy judge. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Mark Pittman withdraw the case from the undersigned and refer it to Judge Mullin pursuant to this Court's Miscellaneous Order No. 33.

## I.    BACKGROUND

In 2007, Burch obtained a loan from JPM's predecessor in interest, Greenpoint Mortgage Funding, a subsidiary of Capital One Bank, on property located at 2236 Shady Grove Drive in Bedford, Texas ("the Shady Grove Property"). (ECF No. 1-2, at 7). He alleges that Greenpoint sold the loan to Chase Bank in 2007. (*Id.*). In December 2008, he filed for Chapter 11 bankruptcy to prevent foreclosure on multiple properties that he owned, including the Shady Grove Property. (*Id.*). *See also* Cause No. 08-45761-rfn11. On December 9, 2009, the bankruptcy court approved a plan that allegedly voided the terms of the original loan. (*Id.* at 8-9). The plan also set out new terms for the loan. (*Id.*). In dispute is whether JPM still has a valid lien on the Shady Grove Property. (*Id.* at 8-9*)*.

The following facts are taken from the Court's previous Findings, Conclusions, and Recommendation in the *Freedom Mortgage* case. (*See* No. 4:18-cv-01015-O-BP, ECF No. 45 at 2). Burch's 2008 bankruptcy case was closed on September 11, 2012.  (*Id.*). On December 28, 2012, Burch filed for Chapter 13 bankruptcy, and the case converted to Chapter 11 in 2013. (*Id.*). On February 1, 2016, the bankruptcy court entered an order confirming Burch's plan of reorganization ("the Plan"). (*Id.*). The order provided "that the [bankruptcy court] shall retain jurisdiction to the maximum extent possible to enforce the Plan, interpret the Plan, and provide for

all proceedings and matters for which jurisdiction is preserved by the Plan, and otherwise . . . ." (*Id.*). The case then converted to Chapter 7 on January 30, 2018. (*Id.*). Burch's bankruptcy case, originally filed in 2012, is still open. (*Id.*).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 157(a), "each district court may provide that proceedings arising under title 11 as core proceedings or arising in or related to a case under title 11, shall be referred to the bankruptcy judges for the district." The Fifth Circuit has held that a proceeding is "core" if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). The district court may also refer a case to the bankruptcy judge if the case is related to a bankruptcy case. *In re Wood*, 825 F.2d at 93. A case is "related" to a bankruptcy proceeding if "the outcome of [the non-bankruptcy] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

A court should refer a case to the bankruptcy court if two conditions are met: (1) the court would normally refer the case to the bankruptcy court under Miscellaneous Order No. 33 for the Northern District of Texas; and (2) the court would be unlikely to withdraw the reference under 28 U.S.C. § 157(d). *Texas United Hous. Program, Inc. v. Wolverine Mortg. Partner Ret.*, No. 3:17-CV-977-L, 2017 WL 3822754, at *3 (N.D. Tex. July 18, 2017). A Court may permissively withdraw the reference from the bankruptcy court for cause shown. 28. U.S.C. § 157(d). Withdrawal to the district court is mandatory, however, if on a timely motion by a party the court determines "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

III.     **ANALYSIS**

A.     **Burch's Case Normally would be Referred to the Bankruptcy Court**.

Miscellaneous Order No. 33 provides that "any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law." Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984). Because Miscellaneous Order No. 33 and 28 U.S.C. § 1334(b) are texturally similar, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy" proceeding to determine if it should be normally referred. *In re U.S. Brass Corp.*, 301 F.3d 296, 303–04 (5th Cir. 2002) (quoting *In re Wood*, 825 F.2d at 93).

Here, Burch challenges the validity of JPM's lien on the Shady Grove and claims that it is invalid under § 53.160 of the Texas Property Code, fraudulent under § 12.003 of the Texas Civil Practice and Remedies Code and § 27.01 of the Texas Business and Commerce Code, and the basis for an alleged violation of §§ 32.49 and 32.45 of the Texas Penal Code. (ECF No. 1-1 at 3-10). He asks the Court to remove JPM's lien and award him substantial actual and punitive damages. (*Id.* at 21).

JPM argues that because Burch's petition asserts claims based on his first plan of reorganization and challenges the validity of its lien on the Shady Grove Property, this case constitutes a "core proceeding arising in or related to a case under Title 11." (ECF No. 18 at 6) (citing *In Matter of Galaz*, 841 F.2d 316, 322 (5th Cir. 2016). JPM further urges referral of the case to Judge Mullin because under Miscellaneous Order No. 33 the case is "at least 'related to' the bankruptcy proceeding" pending in his court. (*Id.*).

Because Burch is a *pro se* litigant, the Court must liberally construe his pleadings. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). The undersigned finds that Burch's petition challenge his plan of reorganization in bankruptcy and the validity of JPM's lien on the Shady Grove Property. Such challenge constitutes a "core proceeding" "arising in or related to a case under Title 11" because it requires a "determination[] of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K). The case complies with Miscellaneous Order No. 33 because it is "at least 'related to' the bankruptcy proceeding" pending before Judge Mullin. Therefore, the case should be "referred to [Judge Mullin] of this district for consideration and resolution consistent with law." Misc. Order No. 33.

**B.    The District Court is Unlikely to Withdraw the Reference**.

**1.    Mandatory Withdrawal is Inapplicable**.

A "district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Assuming either party timely files a motion to withdraw the reference, the question then turns on whether Burch's claims concern "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Consistent with the majority view in the Fifth Circuit, "consideration" as used in 28 U.S.C. § 157(d) means "substantial and material consideration." *Texas United*, 2017 WL 3822754 at *7 (citing *Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, 347 (S.D. Tex. 2009) (collecting cases)). To determine whether consideration is "substantial and material," a "court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law." *Id.* at 348.

Burch asserts additional claims in his petition for statutory fraud, breach of contract, the creation of an invalid or fraudulent lien, quite title, and gross negligence. (ECF No. 1-1 at 9-11

and 15-18). After reviewing Burch's petition, the undersigned has not identified any unsettled questions of law presented by his claims. Indeed, JPM's Motion to Dismiss (ECF No. 6) indicates that the application of well-settled law should resolve Burch's claims. Accordingly, mandatory withdrawal is inapplicable.

**2. Permissive Withdrawal is Inapplicable**.

The court in *United States v. Miller* held that Miscellaneous Order No. 33 "does not preclude a district court from exercising its jurisdiction." No. CIV. A. 5:02-CV-0168-C, 2003 WL 23109906, at *4 (N.D. Tex. Dec. 22, 2003). As 28 U.S.C. § 157(d) provides, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred . . . for cause shown." The Fifth Circuit has determined that the district court should not withdraw reference to the bankruptcy court of a core proceeding unless its withdrawal was based on a "sound, articulated foundation." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985). In *Miller*, Judge Cummings summarized the factors mentioned by the Fifth Circuit in *Holland America* in determining whether the withdrawal is based on an adequate foundation as follows:

> (1) whether or not the proceedings were 'core' proceedings; (2) the effect of the withdrawal on judicial efficiency; (3) uniformity in bankruptcy administration; (4) reduction in forum shopping; (5) fostering the economical use of the debtors' and creditors' resources; (6) expediting of the bankruptcy process; and (7) whether or not there is a jury demand.

2003 WL 23109906 at *4.

Like the situation in *Miller*, an order confirming the bankruptcy plan in Burch's 2012 bankruptcy case was entered. Although Burch demanded a jury in his petition in this case, the remaining factors described in *Holland America* weigh in favor of referring this matter to the bankruptcy court. First, Burch's claims appear to constitute core proceedings. Core proceedings include, among others, "determinations of the validity, extent, or priority of liens." 28 U.S.C. §

157(b)(2)K). Burch's challenge to the validity of BOA's lien and the propriety of any potential foreclosure constitute "determinations of the validity, extent, or priority of liens." *Id.*

Second, none of the other *Holland America* factors weigh toward withdrawing the reference. Judicial efficiency is promoted because the bankruptcy court is in a better position to efficiently decide the case as Judge Mullin already confirmed a bankruptcy plan, and Burch's assets are currently pending in his bankruptcy case. Further, consolidating Burch's claims with his 2012 bankruptcy case will streamline administration of both cases "by bringing all matters related to the debtor and his assets into a single forum." *See Eggers v. TVZ Records, LLC, et al.*, No. A-08-CA-668-SS, 2010 WL 11506652, at *2 (W.D. Tex. Jan. 22, 2010). That is particularly so here since Burch has filed several suits challenging the validity of liens outside of his bankruptcy case. Accordingly, neither party is likely to establish cause for permissive withdrawal.

Therefore, the case should be referred to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, as a case related to *In re Burch*, No. 12-46959-mxm7 (Bankr. N.D. Tex.).

## RECOMMENDATION

Although this Court has jurisdiction over bankruptcy cases, Burch's claims in the case should be heard in the bankruptcy court. The undersigned therefore **RECOMMENDS** that United States District Judge Mark Pittman withdraw the reference of the case to the undersigned and refer it to the Honorable Mark X. Mullin, presiding judge in Cause No. 12-46959-mxm7, pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed **August 19, 2019**.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE